FILED

FEB 2 5 2008

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAMELA J. SKELTON,
      Plaintiff,

v.                                             CIVIL ACTION NO. 2:06CV98

MICHAEL J. ASTRUE,[1]
COMMISSIONER OF SOCIAL SECURITY,
      Defendant.

## REPORT AND RECOMMENDATION/OPINION

On October 11, 2006, Plaintiff Pamela Skelton ("Plaintiff"), through her counsel Montie VanNostrand and Joyce Morton, filed a Complaint in this Court pursuant to 42 U.S.C. § 405(g), to review a denial of Supplemental Security Income ("SSI"), under the Social Security Act [Docket Entry 1]. On December 14, 2006, Defendant Michael J. Astrue, Commissioner of Social Security ["Defendant"], through his counsel, Helen C. Altmeyer, filed an Answer along with the Administrative Transcript for the case [Docket Entries 7, 8]. On January 13, 2007, Plaintiff filed her Motion for Summary Judgment [Docket Entry 9]. On February 12, 2007, Defendant filed a Motion for Extension of Time, which was granted by the undersigned United States Magistrate Judge [Docket Entries 10, 11]. On February 21, 2007, Defendant filed a Supplemental Transcript [Docket Entry 12]. On March 14, 2007, Defendant filed a Motion for Partial Summary Judgment [Docket Entry 13]. On March 16, 2007, Plaintiff filed a Response to Defendant's Motion for Partial Summary Judgment [Docket Entry 14]. On March 21, 2007, the undersigned granted Plaintiff's

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for former Commissioner Jo Anne B. Barnhart (or Acting Commissioner Linda L. McMahon [if the caption was changed previously]) as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

motion for enlargement of time to file a memorandum [Docket Entry 15]. On May 5, 2007, Plaintiff filed her Memorandum in Response to Defendant's Motion for Partial Summary Judgment [Docket Entry 16]. This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I. RELEVANT FACTS

On September 29, 2000, Plaintiff first filed for supplemental security income. She lived in Ohio at the time and was represented at the time by an Ohio attorney, Jeffrey H. Weltman, through the Administrative Hearing. After the Administrative Hearing, but before the ALJ's decision, Plaintiff moved from Ohio to West Virginia to live with her grandmother. Her attorney advised her that he could no longer represent her at that point.

On December 24, 2002, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled (R. 72-82). The Notice of Decision explained:

> To file an appeal you or your representative must request that the Appeals Council to review the decision [sic]. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.
>
> You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the Appeals Council Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255.

(R. 585).

Plaintiff filed a Request for Review on January 10, 2003, using the form HA-520, as instructed by the notice (R. 584). It appears from the document that Plaintiff filed it without assistance of counsel. Her stated reason for review was: "Because all medical eviedents [sic] was not heard. And was not presented right. I was put down instead of heard." She presented no new evidence to the Appeals Council.

On February 24, 2003, the Appeals Council denied Plaintiff's Request for Review. The Appeals Council stated that it had considered the contentions raised in the request, but concluded the contentions did not provide a basis for changing the ALJ's decision. The Appeals Council stated it considered Plaintiff's contentions that all of her medical evidence was not heard; evidence was not properly presented; and she was "put down instead of heard." The Appeals Council then stated it had studied the record, including the recording of the hearing and the hearing decision, and found that Plaintiff's representative and the ALJ thoroughly questioned Plaintiff at the hearing, and her opportunity to testify was not impeded by any means.

The Appeals Council described the manner in which its decision could be appealed as follows:

> If you desire a court review of the Administrative Law Judge's decision, you may commence a civil action by filing a complaint in the United States District Court for the judicial district in which you reside within sixty (60) days from the date of the receipt of this letter. It will be presumed that this letter is received within five (5) days after the date shown above unless a reasonable showing to the contrary is made. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this notice. The right to court review is provided for in section 1631(c)(3) of the Social Security Act (42 U.S.C. 1383(c)(3)).
>
> If you cannot file your complaint within 60 days, you may ask the Appeals Council to extend the time in which you may begin a civil action. However, the Council will only extend the time if you provide a good reason for not meeting the deadline. Your reason(s) must be set forth clearly in your request.
>
> If a civil action is commenced, the commissioner must be served by sending a copy of the summons and complaint by registered or certified mail to the General Counsel, Social Security Administration, room 611, Altmeyer Building, 6401 Security Boulevard, Baltimore MD 21235. (See Rules 4(c) and (i) of the Federal Rules of Civil Procedure). In addition, you must serve the United States Attorney for the district in which you file your complaint and the Attorney General of the United States, as provided in the Federal Rules of Civil Procedure.

(R. 583). It is indisputable that Plaintiff was not represented at this time. She did not file a civil

3

complaint. Instead, she filed a second application on March 18, 2003, within sixty (60) days of the Appeals Council decision, alleging disability since March 25, 2000, the same date as in her first claim.

Testing by the State agency in May 2003, indicated Plaintiff read and spelled at the 3rd grade level and performed math and language at the 2nd grade level (R. 149, 151). There was also a school census card included in the record that indicated that Plaintiff had been left back in school at least twice, before quitting entirely in the 8th grade at age 16, after attaining all D's and F's. In 2003, Plaintiff presented to Seneca Mental Health Services where she was diagnosed with major depression single, moderate, and rule out borderline intellectual functioning (R. 331, 335). She also reported having a brother who was mentally retarded. In April 2003, Plaintiff was examined for the State agency by psychologist Sharon Joseph, Ph.D. (R. 285). Dr. Joseph diagnosed only chronic pain disorder and adjustment disorder with depressed mood (R. 287). In June 2003, State agency reviewing psychologist Robert Marinelli, Ed.D., found Plaintiff had no severe mental impairment (R. 294).

According to the record, Plaintiff appointed Ms. VanNostrand as her attorney on July 15, 2003. On September 13, 2003, Plaintiff underwent psychological evaluation performed by Douglas Fischer, MA (R. 360). IQ testing was administered, although not completed, according to Mr. Fischer, due to Plaintiff's hand pain. Performance and Full Scale IQ's were therefore not available. Verbal IQ was 62, however (R. 361). The psychologist found a diagnosis complicated due to the absence of the other scores. He believed Plaintiff would be classified as significantly subaverage, but "there is insufficient evidence to provide a diagnosis of mental retardation at this time." He did find her "history of academic problems and need for assistance in attending to her financial matters

would certainly be consistent with this diagnosis." He also found that Plaintiff would have considerable difficulty sustaining full time employment, when her psychological and physical limitations were considered together.

Plaintiff underwent another psychological evaluation in March 2004, performed by William D. Hagerty (R. 466). Dr. Hagerty assessed Plaintiff's intelligence using the Slosson Intelligence Test (SIT-R), and concluded her IQ was in the mild mental retardation range (R. 467). He also noted, however, that school records were needed to demonstrate a diagnosis of mental retardation prior to age 22 (R. 478).

Plaintiff underwent a third psychological evaluation on June 3, 2004, at Cardinal Psychological Services (R. 522). Psychologist Morello assessed Plaintiff's IQ using the Wechsler Adult Intelligence Scale- Revision III ("WAIS-III")(R. 525). She attained scores of 61 Verbal, 60 Performance, and 57 Full Scale. The psychologist considered these scores valid, and opined she was in the mildly mentally handicapped range. She scored at grade three in reading and spelling and grade 2 in arithmetic. Mr. Morello diagnosed Plaintiff with depressive disorder NOS with psychotic features and mild mental retardation (R. 527).

During the second Administrative Hearing, held on August 12, 2004, Plaintiff's counsel argued that she believed Plaintiff's impairments met Listing 12.05(C), because she had valid IQ scores below 70 with another severe impairment. Further, her school records indicated she had been functioning at that level since before age 22. Finally, counsel argued that the earlier (2002) claim should be reopened even though Plaintiff had counsel at the time of that claim up through the Administrative Hearing.

The second Administrative Law Judge made two findings significant to the issue before the

Court. First, he found that Plaintiff had the severe impairment of mild mental retardation, but that the evidence of record did not show deficits of adaptive functioning prior to age 22, "which is required by Listing 12.05, even if one were to accept the current IQ scores" (R. 24). Second, he found no basis for reopening Plaintiff's December 2000 claim, because "the current claim was not filed within two years of the initial denial, there is no new and material evidence or other basis to do so, and there is certainly no evidence of fraud or similar fault, especially considering that the claimant had representation in the prior claim."

In "Defendant's Motion for Partial Summary Judgment and for Remand for Award of Benefits on Plaintiff's Application of March 18, 2003," Defendant "agrees to an award of benefits based on the March 18, 2003 application which is presently before the Court for review. However, the Agency opposes a reopening of Plaintiff's Prior application . . . ."

The sole issue before the Court is therefore whether Plaintiff's September 2000, claim should be reopened.

First, the undersigned United States Magistrate Judge finds no error in the original Administrative Law Judge's decision nor that of the Appeals Council regarding the previous claim. Plaintiff was represented by counsel at least through the Administrative Hearing on the claim, and there was no allegation of mental retardation. The only way that claim can be reopened, therefore, is through the procedures outlined in the Regulations or through a showing that Plaintiff was denied her Constitutional rights.

## II. DISCUSSION
### A. Contentions of the Parties

Defendant contends:

1.     This Court does not have jurisdiction to review a decision by the

Commissioner not to reopen a previous claim for benefits. Califano v. Sanders, 430 U.S. 99 (1977); see also Kasey v. Sullivan, 3 F.3d 75 (4th Cir. 1993).

2. Plaintiff's mental impairment does not require a hearing pursuant to Culbertson v. Secretary, 859 F.2d 319 (4th Cir. 1988), because Plaintiff had representation at the hearing and because she did timely file a petition for review to the Appeals Council.

Plaintiff contends:

1. This Court has subject matter jurisdiction under Culbertson to review a colorable constitutional claim by a *prima facie* showing that Plaintiff was both legally unrepresented and lacking in mental capacity to pursue an appeal, and the Court should remand the prior application to the Commissioner for reconsideration of re-opening.

## B. Jurisdiction

Defendant first argues this Court does not have jurisdiction to review a decision by the Commissioner not to reopen a previous claim for benefits, citing Califano v. Sanders, 430 U.S. 99 (1977); and Kasey v. Sullivan, 3 F.3d 75 (4th Cir. 1993). Plaintiff argues that this Court has subject matter jurisdiction under Culbertson, supra, to review a colorable constitutional claim because she made a *prima facie* showing that she was both unrepresented and lacking in mental capacity to pursue an appeal of the ALJ's decision. Plaintiff therefore contends that the Court should remand the prior application to the Commissioner for reconsideration of re-opening.

Judicial review of the Commissioner's final decision is set forth in the Social Security Act, 42 U.S.C. §405, as follows:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the commissioner of social security may allow.

(h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided . . . .

Regulations provide for the reopening of a claim within two years of the date of the notice of the initial determination for good cause. 20 CFR § 416.988. "Good cause" is further defined as provided by "[n]ew and material evidence;" or "[t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 CFR § 414.989. The United States Supreme Court and the Fourth Circuit Court of Appeals both hold that Federal courts generally lack subject matter jurisdiction to review the Commissioner's refusal to reopen a prior determination. See Califano v. Sanders, 430 U.S. 99 (1977); McGowen v. Harris, 666 F.2d 60 (4th Cir. 1981); Cleaton v. Secretary, 815 F.2d 295 (4th Cir. 1987). When a claimant asserts a colorable constitutional claim, however, the court does have jurisdiction to decide whether the Commissioner's refusal to reopen the prior determination was proper. Califano, supra at 109; McGowen, supra, at 65.

In the case at bar it is undisputed that Plaintiff did request review of the ALJ's decision from the Appeals Council. The Appeals Council denied review. Plaintiff did not appeal that decision to the Federal court. It also appears that Plaintiff was represented through the Administrative Hearing, but not at the time of her request for review by the Appeals Council, and clearly not during the time she would have needed to file a Complaint in the Federal district court.

On the other hand, Plaintiff was diagnosed with Mental Retardation, with IQ scores, considered valid, below 70. Even Administrative Law Judge Alexander found her to be Mildly Mentally Retarded. He then found that she had not shown deficits of adaptive functioning prior to age 22, as required by Listing 12.05. Even if that finding were substantially supported by the

8

evidence (and the undersigned finds that it is not),[2] Plaintiff would still have made a *prima facie* showing that she was both unrepresented and lacking in mental capacity to pursue an appeal of the ALJ's decision of December 2002.

In Culbertson v. Secretary, 859 F.2d 319 (4th Cir. 1988), the Fourth Circuit held that the Commissioner may not invoke *res judicata* or administrative finality to prevent review of a previous claim that was denied without appeal, even if the claimant does not satisfy the requirements for reopening contained in the regulations, where the claimant applied *pro se* and "lacked both the mental competence and legal assistance necessary to contest the initial determination."

Defendant argues that Plaintiff's request should be denied because she was represented during the administrative process, through the Administrative Hearing, and she did actually file a Request for Review. It is true that Culbertson expressly states that the Commissioner may not invoke *res judicata* or administrative finality to prevent review of a previous claim that was denied without appeal, where the claimant applied *pro se* and "lacked both the mental competence and legal assistance necessary to contest the initial determination." Supra at 323 (emphasis added). Here Plaintiff had counsel through the Administrative Hearing. Plaintiff would therefore appear to be requesting the Court to extend the holding in Culbertson to include reopening where a Plaintiff lacked the mental competence and legal assistance necessary to file a Request for Review and/or a Complaint with the district court following an adverse administrative decision. The undersigned finds it logical to so extend Culbertson under the facts of this case. This case is particularly unusual

---

[2] The Fourth Circuit holds that the Secretary's regulation "expressly define[s] mental retardation as denoting 'a lifelong condition.' " Branham v. Heckler, 775 F.2d 1271, 1274 (4th Cir.1985).

9

in that the Commissioner found Plaintiff not disabled even on her second application, but after Plaintiff filed her Complaint in this court, the Commissioner asked the court to remand the claim for an award of benefits on the 2003 claim. It makes sense that the ALJ, having determined Plaintiff was not disabled on her 2003 application, would also deny reopening of the prior application. The Commissioner has apparently, however, found Plaintiff was disabled as of March 2003.

> While not dispositive, Social Security Ruling ("SSR") 91-5p provides as follows:
>
> Our rules in 20 CFR, sections . . . 416.982, 416.1409(a), 416.1433(b), 415,1468(a), and 416.1482, respectively, provide that a request for reconsideration, hearing before an administrative law judge (ALJ), review by the Appeals Council, <u>or review by a Federal district court</u> must be filed within 60 days after the date of receipt by the claimant of the notice of the determination or decision being appealed. However, the regulations also provide that a claimant can request that the 60-day time period for filing a request for review be extended if the claimant can show good cause for missing the deadline . . . .
>
> If the claimant established good cause for missing the deadline to request review, we process the request for review in accordance with established procedures and the prior administrative action is not final or binding for purposes of applying the rules on either *res judicata* or administrative finality . . . .
>
> It has always been SSA policy that failure to meet the time limits for requesting review is not automatic grounds for dismissing the appeal and that proper consideration will be given to a claimant who presents evidence that mental incapacity may have prevented him or her from understanding the review process.
>
> When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, dismissal, <u>or review by a Federal district court</u>, and the claimant had no one legally responsible for prosecuting the claim . . . at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review. If the claimant satisfies the substantive criteria, the time limits in the reopening regulations do not apply; so that, regardless of how much time has passed since the prior administrative action, the claimant can establish good cause for extending the deadline to request review of that action.

(Emphasis added). Although not precisely on point, SSR 91-5p is instructive, in that it applies the same "good cause" excuse to initial determinations, reconsiderations, ALJ decisions, Appeals

10

Council Decisions and complaints filed in Federal court. It seems logical to treat all those decisions in the same manner in the context of Culbertson. In the present case, no appeal to the Federal district court was filed, but Plaintiff filed a new application based on the same alleged impairments and onset date within the time for filing such a complaint. The Notice[s] of Unfavorable Decisions sent to Plaintiff only serve to emphasize the complexity of filing a case in Federal court as opposed to requesting review at the administrative level.

Also supportive of the undersigned's expansive interpretation of Culbertson to include appeals to the Federal court, is the Southern District of West Virginia case, Ramsey v. Barnhart, Civil Action 2:02-0884 (S.D.W.V. 2004). In Ramsey, as in the case at bar, the claimant was represented by counsel through the Administrative Hearing. In Ramsey, however, counsel also appealed the ALJ's decision to the Appeals Council, even submitting a brief in support. Following the Appeals Council's unfavorable decision, Ramsey's counsel sent him a letter advising him that counsel would not appeal the decision of the Appeals Council to the Federal district court.[3] Ramsey was thereafter unable to contact his counsel, and hired new counsel, albeit too late to file an appeal in Federal court. Ramsey filed a new application, and requested his earlier applications be reopened. The ALJ and the Appeals Council both denied Ramsey's request to reopen the earlier applications. Magistrate Judge Mary E. Stanley found that the Commissioner's decision denying reopening was fundamentally flawed and unsupported by substantial evidence in that the Commissioner failed to address the Culbertson issue raised by Ramsey. Magistrate Judge Stanley recommended the District Court remand the matter for further proceedings before the Commissioner, including consideration

---

[3]Apparently, according to the Report and Recommendation, counsel was under Indictment at the time.

of the applicability of Culbertson.

No objections were filed by either party to Magistrate Judge Stanley's Recommendation in Ramsey. United States District Judge John T. Copenhaver, Jr., adopted the magistrate judge's findings and recommendations and reversed and remanded the decision of the Commissioner for further proceedings to include a determination of whether Plaintiff established a *prima facie* case that he lacked both the mental competence and the legal assistance necessary to request appeal of the denial of his earlier applications.

The case presently before this court is even more complex than Ramsey, and is more compelling, due to the fact that the ALJ and Appeals Council here both found Plaintiff not disabled at any time through the date of the ALJ's decision. It was only after Plaintiff filed her Complaint that the Commissioner asked this court to remand the 2003 claim for an award of benefits. It is illogical to expect the ALJ, having found Plaintiff not disabled at any time, to have reopened a previous claim with the same allegations and onset date. Now, however, it has been determined that Plaintiff was disabled, at least as far back as March 18, 2003, less than a month after the Appeals Council denied review of the unfavorable decision on her 2000 claim.

In consideration of all which, the undersigned United States Magistrate Judge finds that substantial evidence does not support the Commissioner's refusal to reopen Plaintiff's 2000 application, in that he failed to address the Culbertson issue raised by Plaintiff. The undersigned respectfully recommends that this matter be remanded for consideration by the Commissioner of the applicability of Culbertson. If the Commissioner finds Culbertson applicable, Acquiescence Ruling ("AR") 90-04(4) obligates the Commissioner to determine whether Plaintiff has established "a *prima facie* case that mental incompetence prevented her from understanding the procedures necessary to

request review . . . ." If the Commissioner determines that a *prima facie* case is sufficiently conclusive to establish that Claimant did not have the mental competence or legal assistance necessary to request review of the 2000 determination, the Commissioner should reopen the prior determination and issue a revised determination. If, however, there is a question of the sufficiency of the *prima facie* case, the Commissioner should hold an evidentiary hearing to determine Claimant's mental competency and the issue of whether she had legal assistance at the time of her Request for Review to the Appeals Council and/or at the time of her failure to timely file a Complaint in the Federal district court.

### III. RECOMMENDED DECISION

For the reasons above stated, the undersigned respectfully recommends:

1. Defendant's "Motion for Partial Summary Judgment and for Remand for Award of Benefits on Plaintiff's Application of March 18, 2003" [Docket Entry 13], and "Plaintiff's Motion for Summary Judgment" [Docket Entry 9] both be **GRANTED in PART** insofar as both request remand to the Commissioner for calculation of benefits based on the instant application of March 18, 2003.

3. Defendant's Motion for Partial Summary Judgment, insofar it requests that the Court deny Plaintiff's motion to review the Commissioner's decision not to reopen Plaintiff's prior application be **DENIED**;

3. Plaintiff's Motion, insofar as it requests the Court remand the 2000 application for reconsideration of the application of <u>Culbertson</u>, <u>supra</u>, be **GRANTED**;

4. The decision of the Commissioner be reversed and remanded for further proceedings pursuant to the Fourth sentence of 42 U.S.C.A. § 405(g), which proceedings should include

a determination of whether Plaintiff established a *prima facie* case that she lacked both the mental competence and the legal assistance necessary to request administrative review of the denial of her 2000 application, along with a statement of the reasons therefore, as more fully set forth in this Report and Recommendation; and

5. This matter be **DISMISSED** and stricken from the Court's docket.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this _22_ day of February 2008.

John S. Kaull
United States Magistrate Judge