# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAMELA J. SKELTON,

    Plaintiff,

vs.                                                                                   Civil Action No. 2:06 CV 98
                                                                                                                   (Maxwell)

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## ORDER

It will be recalled that the above-styled social security appeal was instituted on October 11, 2006, with the filing of a Complaint by the Plaintiff, Pamela J. Skelton.

It will further be recalled that the case was referred to United States Magistrate Judge John S. Kaull in accordance with Rule 83.12 of the Local Rules of General Practice and Procedure.

On January 13, 2007, a Motion For Summary Judgment was filed on behalf of the Plaintiff, and on March 14, 2007, a Motion For Partial Summary Judgment And For Remand For Award Of Benefits On Plaintiff's Application Of March 18, 2003, was filed on behalf of the Defendant.

On February 25, 2008, Magistrate Judge Kaull entered a Report And Recommendation/Opinion (Docket No. 17) wherein he recommended that both the Defendant's Motion For Partial Summary Judgment And For Remand For Award of Benefits On Plaintiff's Application Of March 18, 2003, and the Plaintiff's Motion For Summary Judgement be granted in part, insofar as said Motions request remand to the

Commissioner for the calculation of benefits based on the instant application of March 18, 2003; that the Defendant's Motion For Partial Summary Judgment be denied, insofar as it requests that the Court deny the Plaintiff's motion to review the Commissioner's decision not to reopen Plaintiff's prior application; that the Plaintiff's Motion For Summary Judgment be granted, insofar as it requests that the Court remand the 2000 application for reconsideration of the application of Culbertson v. Secretary, 859 F.2d 319 (4th Cir. 1988); and that the decision of the Commissioner be reversed and remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), which proceedings should include a determination of whether the Plaintiff had established a *prima facie* case that she lacked both the mental competence and the legal assistance necessary to request administrative review of the denial of her 2000 application, along with a statement of the reasons therefore.

In said Report And Recommendation/Opinion, the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation/Opinion. Magistrate Judge Kaull's Report And Recommendation/Opinion expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

The docket in the above-styled civil action reflects that the Defendant's Objection To The Report And Recommendation Of Magistrate Judge John S. Kaull was filed on February 27, 2008.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo*

review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

As previously noted, on February 27, 2008, the Defendant filed an Objection To The Report And Recommendation Of Magistrate Judge John S. Kaull. The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation/Opinion to which the Defendant objected. The remaining portions of the Report And Recommendation/Opinion to which the Defendant has not objected have been reviewed for clear error.

The Court finds that the Defendant has not, in his Objection, raised any issues that were not thoroughly considered by Magistrate Judge Kaull in said Report And Recommendation/Opinion. The Court is of the opinion that Magistrate Judge Kaull's Report and Recommendation/Opinion accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that Magistrate Judge Kaull's Report And Recommendation/Opinion (Docket No. 17) be, and is hereby, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that:

1. The Defendant's Motion For Partial Summary Judgment And For Remand For Award Of Benefits On Plaintiff's Application Of March 18,

3

2003 (Docket No. 13) is **GRANTED in part,** insofar as said Motion requests remand to the Commissioner for the calculation of benefits based on the instant application of March 18, 2003 ;

2. The Plaintiff's Motion For Summary Judgment (Docket No. 9) is **GRANTED**, in part, insofar as said Motion request remand to the Commissioner for the calculation of benefits based on the instant application of March 18, 2003; and

3. The Defendant's Motion For Partial Summary Judgment And For Remand For Award Of Benefits On Plaintiff's Application Of March 18, 2003 (Docket No. 13) is **DENIED,** insofar as it requests that the Court deny the Plaintiff's motion to review the Commissioner's decision not to reopen Plaintiff's prior application; and

4. The Plaintiff's Motion For Summary Judgment (Docket No. 9) is **GRANTED**, insofar as it requests that the Court remand the 2000 application for reconsideration of the application of Culbertson v. Secretary, 859 F.2d 319 (4th Cir. 1988); and

5. The Commissioner's decision is **REVERSED**, and the above-styled civil action is **REMANDED** to the Commissioner of Social Security pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with Magistrate Judge Kaull's Report And Recommendation/Opinion, which proceedings should include a determination of whether the Plaintiff had established a *prima facie* case that she lacked both the mental competence and the legal assistance necessary to request administrative

review of the denial of her 2000 application, along with a statement of the reasons therefore.

In accordance with Shalala v. Schaefer, 125 L.Ed.2d 239 (1993), it is further

**ORDERED** that the Clerk of Court shall enter **JUDGMENT** reversing the decision of the Defendant and remanding the cause for the calculation of benefits based on the instant application of March 18, 2003, as well as for further proceedings consistent with Magistrate Judge Kaull's Report And Recommendation/Opinion and shall thereafter **DISMISS** this action from the docket of the Court.

Counsel for the Plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the judgment order.

The Clerk of Court is directed to transmit copies of this Order and the Judgment Order to counsel of record.

**ENTER:** March  26 , 2008

                                          **/S/ Robert E. Maxwell**
                                          United States District Judge